UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ANTUANE GUEST,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. CV616-071<br>CR610-004 |

## REPORT AND RECOMMENDATION

This Court denied Antwaune Guest's first 28 U.S.C. § 2255 in 2012. CR610-004, doc. 46 (S.D. Ga. Aug. 27, 2012) (advising that relief be denied because he waived his right to direct and collateral appeal), *adopted*, doc. 48 (S.D. Ga. Sept. 12, 2012). Now he's back with a second § 2255 motion,[1] doc. 51, this time seeking to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S.

---

[1] It is conspicuous that he did not use an available § 2255 form, which demands that all movants disclose prior § 2255 filings. Instead, he used a "home-brewed" version which, unsurprisingly, makes no mention of any prior filings. *See also* doc. 54 (his supplemental brief which he styled as a "Motion To Supplement (Etc.), but was not docketed as a motion. The Court has considered this brief, which is a rehash of his latest § 2255 motion.

Ct. 1257 (2016), and otherwise triggering a lot of successive filings. *See, e.g., In re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), and *In re Pinder*, 824 F.3d 977 (11th Cir. 2016).

Some of those successive-writ movants have won relief at the appellate level. *See, e.g., In re Moore*, ___ F.3d. ___, 2016 WL 4010433 at * 4 (11th Cir. July 27, 2016) ("Accordingly, because Moore has made a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby GRANTED."); *In re Hubbard*, ___ F.3d ___, 2016 WL 3181417 at * 7 (June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

That's where Guest needs to go with his latest (June 8, 2016 signature-filed) § 2255 motion.[2] Doc. 51 at 3-4. And given the time constraints illuminated by the concurrence in *In re Robinson*, 2016 WL 1583616 at * 2 (11th Cir. Apr. 19, 2016) ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on Johnson."), the Clerk should be **DIRECTED** to simply transfer his § 2255 motion directly to the Eleventh Circuit.

Finally, the Court **DENIES** Guest's motion to appoint counsel, doc. 55, since the Court lacks jurisdiction over this case.

**SO REPORTED AND RECOMMENDED,** this  30th   day of August, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Guest's claim is moribund because, again, he *waived* his right to collateral appeal. See *Reyes-Sosa v. United States*, 2016 WL 3981360 at * 3 (S.D. Ga. July 5, 2016) (upholding same waiver for otherwise meritless *Johnson* claim).